UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MYOGENIX CORP.; GNC CORPORATION; GENERAL NUTRITION CENTERS, INC.; and GENERAL NUTRITION CORPORATION,<br><br>    Defendants. | Case No.: 13cv651 JLS (MDD)<br>(LEAD CASE)<br><br>**ORDER DENYING MOTIONS FOR JUDGMENT ON THE PLEADINGS**<br><br>(ECF Nos. 160, 162, 163, 165) |

Presently before the Court are four Motions for Judgment on the Pleadings (the MJPs) filed by certain defendants.[1] (ECF Nos. 160, 162, 163, & 165.) Also before the Court are plaintiffs ThermoLife International, LLC and the Board of Trustees of Leland Stanford Junior University's (collectively Plaintiffs, individually ThermoLife and Stanford) Oppositions to these Motions, (ECF Nos. 169, 170, 171, & 173), and the Moving Defendants' replies, (ECF Nos. 175, 176, 177, 178). The Court vacated the hearing on these matters and took them under submission without oral argument pursuant to Civil

---

[1] These defendants (collectively the Moving Defendants) are Vital Pharmaceuticals, Inc. (*see* Vital's MJP, ECF No. 160-1); Hi-Tech Pharmaceuticals, Inc., (*see* Hi-Tech's MJP, ECF No. 162-1); Novex Biotech, LLC, (*see* Novex's MJP, ECF No. 163-1); and NBTY, Inc., Vitamin World, Inc., Solgar, Inc., and United States Nutrition, Inc., (*see* NBTY et al.'s MJP, ECF No. 165-1).

Local Rule 7.1(d)(1). Because the Court construes Plaintiffs' FAC as alleging patent infringement against the Moving Defendants, the Moving Defendants' MJPs are **DENIED**.

## BACKGROUND

Stanford owns the patents asserted in this case and ThermoLife licenses them, although the scope of that license is the subject of some debate. (*See, e.g.*, Hi Tech's MJP at 14–15.)[2] On October 9, 2014, ThermoLife filed a Motion for Leave to File First Amended Complaint and Modify the Scheduling Order (Motion to Amend). (ECF No. 83-1.) Attached to the ThermoLife's Motion to Amend, as required by Civil Local Rule 15.1(b), was a copy of the FAC (the Proposed FAC), (*see* ECF No. 83-2), which the Moving Defendants now (but did not then) allege does not state a claim against them. The Proposed FAC, (ECF No. 83-2), names as defendants only Myogenix Corp. and the "GNC Defendants," which are GNC Corporation; General Nutrition Centers, Inc.; and General Nutrition Corporation, and the and the Operative FAC, (ECF No. 122), names only the GNC Defendants.[3] (*See* Proposed FAC at 5–6; FAC at 4–5.) This appears to be a pleading mistake by Plaintiffs.

The Proposed FAC was the subject of motion practice and an Order by this Court. (*See* Defs.' Opp'n re FAC, ECF No. 105; Order re FAC, ECF No. 121.) ThermoLife's goal in its Motion to Amend was clear: "making Stanford's involvement uniform throughout the consolidated cases." (Mot. to Amend at 3.) Each of the Moving Defendants opposed the filing of the now-operative but allegedly defective Proposed FAC. (*See* Opp'n re FAC at 19–21 (including signature blocks in which Moving Defendants NBTY, Inc.; Vitamin World, Inc.; Solgar, Inc.; United States Nutrition, Inc.; Novex Biotech, LLC; Hi-Tech Pharmaceuticals, Inc.; and Vital Pharmaceuticals, Inc. joined in opposing the filing

---

[2] Pinpoint citations to docketed materials refer to the CM/ECF page number electronically stamped at the top of each page.

[3] Notably, the case number under which these cases are consolidated for purposes of invalidity and enforceability, 13cv651 JLS (MDD), was the case number assigned to the matter of ThermoLife versus Myogenix Corp. and the GNC Defendants. If this action survives the invalidity and enforceability stages of this case, these consolidated actions will proceed separately.

of the FAC).) None of the Moving Defendants indicated at that time that the Proposed FAC failed to state a claim against them. Although they never answered the FAC, the Moving Defendants proceeded with this litigation for more than a year before raising the issue.

On January 23, 2015, the Court granted ThermoLife leave to file a First Amended Complaint (FAC), allowing ThermoLife to add Stanford, which was already a co-plaintiff in two of the consolidated cases, so as to "make its involvement uniform." (Order re FAC at 1–2.)

In February 2016—more than a year after ThermoLife filed its FAC and two months after the Court denied their Motion for Summary Judgment of Invalidity, (*see* Order, ECF No. 132)—the Moving Defendants filed these MJPs. The Moving Defendants argue that, because the FAC specifically names Myogenix Corp. and the GNC Defendants but not them, the FAC is not operative against them. Because the FAC is not operative against them, the Moving Defendants urge, ThermoLife's original Complaints against them should be dismissed for lack of standing, as ThermoLife alone lacks standing to assert the patents in suit. Most of the Moving Defendants state that they will be prejudiced by this omission because they "would have pursued" discovery from Stanford with regard to the validity of the inventors' assignments to Stanford and with regard to the "business and licensing relationship between ThermoLife and Stanford."[4] (*See* Vital's MJP at 24–25; Novex's MJP at 23; NBTY et al.'s MJP at 24–25.) Discovery as to standing closed on April 1, 2015.

/ / /

---

[4] If these Moving Defendants have reason to believe there is a defect in the chain of title for the asserted patents, their decision not to pursue discovery into the initial assignment from the inventors to Stanford is questionable regardless of Stanford's status as a party. It appears that a defect in the chain of title in the assignment from the inventors to Stanford would prevent Stanford from transferring title to ThermoLife, and it is unclear why Stanford's status as a party to this litigation would affect that. *See Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092 (Fed. Cir. 1998) ("In order to adjudicate [the plaintiff's] appeal on the standing issue, we must trace the chain of title to the patent.").

## LEGAL STANDARD

Any party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings attacks the legal sufficiency of the claims alleged in the complaint. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). The Court must construe "all material allegations of the non-moving party as contained in the pleadings as true, and [construe] the pleadings in the light most favorable to the [non-moving] party." *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

The Federal Rules of Civil Procedure are generally liberal with respect to pleading, instructing courts that "[p]leadings must be construed so as to do justice." Federal Rule of Civil Procedure 8(e); *see also Mut. Creamery Ins. Co. v. Iowa Nat. Mut. Ins. Co.*, 427 F.2d 504, 507–08 (8th Cir. 1970) ("It is settled law that pleadings must be construed liberally in order to prevent errors in draftsmanship or the like from barring justice to litigants. Such pleadings must be construed favorably to the pleader and judged by substance rather than form."); *Lomartira v. Am. Auto. Ins. Co.*, 245 F. Supp. 124, 129 (D. Conn. 1965), *aff'd* 371 F.2d 550 (2d Cir. 1967) ("[C]ases should be decided upon their merits, rather than upon technical deficiencies in the pleadings."). Further, the Court observes "the 'strong policy favoring a trial on the merits.'" *See Genentech, Inc. v. U.S. Int'l Trade Comm'n*, 122 F.3d 1409, 1423 (Fed. Cir. 1997).

## ANALYSIS

Although these circumstances are troubling—largely because of how easily they could have been avoided—the Court agrees with Plaintiffs that amendment in this instance is not necessary. The FAC should have been more specific by naming the parties against whom it was asserting patent infringement, but the context in which it was filed was

sufficient to give all parties involved notice that both ThermoLife and Stanford alleged that each of the defendants in the consolidated action, including all of the Moving Defendants, infringed the patents asserted in this litigation. Accordingly, the Court construes ThermoLife and Stanford's FAC to allege patent infringement against the Moving Defendants.

First, there can be little doubt that, despite any pleading error, both the Plaintiffs and the Moving Defendants understood the Proposed FAC, which for all practical purposes is identical to the Operative FAC, was intended to add Stanford as a plaintiff against all the defendants. ThermoLife was clear in its briefing that the purpose of amendment was to "properly consolidate the involvement of Stanford across the board through all consolidated cases, not just two," (Reply Re FAC, ECF No. 108, at 9–10), and that the FAC was "simply making Stanford's involvement uniform throughout the consolidated cases," (Mot. to Amend, ECF No. 83-1, at 3). At the time they were litigating the Motion to Amend, the Moving Defendants, joining in the Opposition brief with the other defendants, indicated that the Proposed FAC affected them. Specifically, the defendants argued in their Opposition to the Motion to Amend that "[i]f the Court were to grant ThermoLife's Motion at this stage of the case, it would greatly prejudice Defendants . . . ." (Opp'n re FAC at 12.) The term "Defendants" was in no way limited to those actually named in the Proposed FAC. Rather, the brief defined "Defendants" as "all defendants in the consolidated actions," (s*ee id.* at 5 n.1), which included the Moving Defendants. The Court fails to see how an FAC—which they presumably reviewed because it was attached to the Motion to Amend that they were opposing—stood to prejudice the Moving Defendants if they did not understand it to allege any claims against them.

To the contrary, all parties involved—ThermoLife, the Moving Defendants, and even the Court—understood the purpose of the FAC was to add Stanford uniformly as a plaintiff in these cases. The purpose of a complaint under Rule 8 is "to give the defendant

1  fair notice of the factual basis of the claim and of the basis for the court's jurisdiction."[5]
2  *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007). As
3  evidenced by the language of Plaintiffs' and the defendants' briefs on the Motion for Leave
4  to Amend, the Moving Defendants had fair notice of the factual basis of the claim against
5  them and the basis for the Court's jurisdiction. This stands in contrast to *Ferdik v. Bonzelet*,
6  963 F.2d 1258, 1262 (9th Cir. 1992) *as amended* (May 22, 1992), a case upon which the
7  Moving Defendants rely, in which "there [wa]s no other way of ascertaining the identities
8  of the intended defendants." The Moving Defendants cite *Lacey v. Maricopa County*, 693
9  F.3d 896, 927 (9th Cir. 2012), for the premise that "an amended complaint supercedes the
10 original complaint and renders it without legal effect." (*See* Hi-Tech's MJP at 11.) The
11 Ninth Circuit stated this general principle on its way to overruling a specific circuit
12 precedent, which held that a plaintiff waives challenges on appeal to all claims that are
13 dismissed and not realleged in an amended complaint. *See Lacey*, 693 F.3d at 925, 928
14 (overruling *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). The Court is
15 not persuaded that *Lacey* and *Ferdik* stand for the proposition that defendants are entitled
16 to judgment as a matter of law where a plaintiff—even a purportedly sophisticated one—
17 mistakenly omits the defendants from an amended pleading but the defendants nonetheless
18 had adequate notice that the allegations are directed at that them.

19     Second, any prejudice encountered by the Moving Defendants as a result of their
20 failure to conduct discovery does not weigh against construing the FAC to assert claims
21 against them. The Moving Defendants argue that "Plaintiffs made the tactical decision not
22 to name [them] as . . . defendant[s] or plead any infringement allegations against [them] in
23 their First Amended Complaint." (*See, e.g.*, Hi-Tech's MJP at 11.) Other than the Moving

---

[5] The Court recognizes that courts and litigants devote much effort to examining the viability of legal theories based on facts plausibly alleged in complaints. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 680 (2009). This is not a case, however, where the Moving Defendants were not aware of the factual allegations against them. It is a case in which Plaintiffs appear to have made a pleading error that, based on the history of the FAC and this litigation, the Moving Defendants knew or should have known was no more than an oversight.

Defendants' say so, the Court sees no factual basis for the assertion that this was a tactical decision rather than an oversight. Given the history of this litigation, the Court is not willing to believe that the Moving Defendants actually thought Plaintiffs meant not to amend the Complaint with respect to them. In spite of this knowledge, the Moving Defendants may have decided not to pursue discovery from Stanford as they would from a party, perhaps expecting that Plaintiffs' error would be dispositive and these Motions would prevail. Of course, if they treated Stanford like a party, it would be more difficult to argue they suffered prejudice, and if they answered the FAC, they would be in no position to raise these motions.[6] The Court does not fault them for trying. But a decision not to pursue discovery from Stanford based on the expected denouement of Plaintiffs' pleading error was a strategic choice that put them in a better position to argue these motions—or perhaps oppose another motion to amend, should one have appeared. The flipside is that they are in perhaps a worse position—and the Court is not truly convinced this is the case—to attack the inventors' assignments to Stanford or the matters arising from Stanford's perspective[7] on the business relationship between Stanford and ThermoLife. The Moving Defendants chose which strategies to pursue, and they have to live with that choice.

Additionally, as noted above, the Court wonders why "issues surrounding the initial assignment of the patent applications from the inventors to Stanford," (Vital's MJP at 25), would only warrant inquiry if Stanford were a plaintiff, as a defective assignment to Stanford would likely affect Stanford's ability to convey patent rights to ThermoLife regardless of whether Stanford is a plaintiff. Thus, the prejudice the Moving Defendants

---

[6] Formutech Nutrition, the only defendant who was not named in the FAC who filed an answer, has not moved for judgment on the pleadings on this basis, although they reserved the right to. (*See* Formutech's Answer to FAC, ECF No. 127 ("Defendant Formutech Nutrition is filing this Answer out of an abundance of caution. The First Amended Complaint does not seem to make any specific allegations against Formutech. However, the claims in the First Amended Complaint could affect Formutech. Furthermore, the docket entry [Dkt. 122] reflects the First Amended Complaint is filed against 'All Defendants.'").)

[7] The Moving Defendants presumably were able to fully explore the "business and licensing relationship between ThermoLife and Stanford" from ThermoLife's perspective.

face as a result of their failure to conduct discovery is attributable to strategic choices they made in conducting this litigation and, given what they knew or should have known, cannot fairly be said to be a result of the pleading error in the FAC.[8]

Third, the docket text for the Operative FAC reads, "AMENDED COMPLAINT with Jury Demand against All Defendants, filed by The Board of Trustees of the Leland Stanford Junior University, Thermolife International, LLC." This further supports the notion that the document attached thereto, the Operative FAC, was intended to assert claims "against All Defendants."

Finally, the timing of the Moving Defendants' MJPs diminishes their persuasiveness. Several of the Moving Defendants argue that ThermoLife, proceeding on its own, lacks Article III standing to enforce the patents in suit, depriving this court of subject-matter jurisdiction. (*See* Vital's MJP at 12–13; Novex's MJP at 10–11; NBTY et al.'s MJP at 11–12.) Of course, a "litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). But the Court does not think that ThermoLife's apparent pleading error in its FAC deprives this Court of subject-matter jurisdiction, particularly when the issue that was the subject of motion practice was whether to allow the addition of Stanford as a plaintiff

---

[8] In any event, it appears several defendants still investigated this issue, so any meritorious arguments on these points will likely be raised at the consolidated trial on invalidity and unenforceability. (*See* Notice of Fourth Amended Subpoena, Pls.' Ex. 5, Attachment A, ECF No. 169-7, at 13–15 (requesting Stanford's Rule 30(b)(6) deponent to produce "Copies of all agreements and any amendments thereto RELATING TO the ASSERTED PATENTS including, but not limited to, transfers of ownership interests, assignments, licenses and settlement agreements;" "Copies of all agreements with the NAMED INVENTORS, including any amendment thereto;" and "Copies of all COMMUNICATION with the NAMED INVENTORS," among others).) This Fourth Amended Subpoena noticed Stanford's deposition for the offices of counsel for Moving Defendants NBTY, Inc., Vitamin World, Inc., Solgar, Inc., and United States Nutrition, Inc., and was signed by counsel for Moving Defendant Novex Biotech, LLC. (*Id.* at 2, 4.) The deposition was scheduled for October 13, 2014, several days after ThermoLife filed its Motion to Amend, thereby putting the Moving Defendants on notice that Stanford may be added as a plaintiff. (*Id.* at 4.) The Moving Defendants have given the Court no reason to believe that if they otherwise sought the discovery of which they say they were deprived that they would not have received it. To the contrary, as Plaintiffs point out, "[n]othing prevented them from taking any discovery they deemed appropriate." (Opp'n to Vital's MJP, ECF No. 169, at 6.)

adverse to these very Moving Defendants. It is curious, however, that even the Moving Defendants did not raise this proposed jurisdictional defect in the summary judgment motion—filed nearly four months after the close of discovery on standing—in which they joined.[9] One wonders how the Moving Defendants could expect the Court to adjudicate their invalidity motion while, as they now contend, the Court lacked subject-matter jurisdiction to adjudicate the dispute against them. In any event, because the Court construes the FAC to allege infringement against all of the defendants in this consolidated action, the Plaintiffs have standing based on the pleadings.

This is a frustrating issue to resolve because Plaintiffs should have avoided it in the first place. But Rule 8(e) directs courts to construe pleadings "so as to do justice." The Court is not persuaded that the just result is to conclude that Stanford was not added as a plaintiff against the Moving Defendants based on an apparent pleading error. Accordingly, the Moving Defendants' MJPs are **DENIED**.

## CONCLUSION

For the reasons stated above, the Court construes Plaintiffs' FAC to assert patent infringement against all of the defendants in this consolidated action. The Moving Defendants' MJPs are therefore **DENIED**. Because this Order construes Plaintiffs' FAC as alleging patent infringement against all defendants in this consolidated action, any defendant who has not yet done so <u>may file a responsive pleading within 21 days</u> of the date this Order is docketed.

**IT IS SO ORDERED.**

Dated: April 19, 2016

                                            Hon. Janis L. Sammartino
                                            United States District Judge

---

[9] The words "standing" and "jurisdiction" appear nowhere in their MSJ. (*See* MSJ, ECF No. 132-1.)