UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MYOGENIX CORP.; GNC CORPORATION; GENERAL NUTRITION CENTERS, INC.; and GENERAL NUTRITION CORPORATION,<br><br>　　　　　　　　　　　Defendants. | Case No.: 13cv651 JLS (MDD)<br>(LEAD CASE)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN LIMINE AND (2) DENYING DEFENDANTS' MOTION IN LIMINE / DAUBERT MOTION**<br><br>(ECF Nos. 209 & 210) |

Presently before the Court are Plaintiffs the Board of Trustees of the Leland Stanford Junior University and ThermoLife International, LLC's Motion *In Limine* to Exclude Certain Prior Art-Related Evidence (Plaintiffs' Motion), (ECF No. 209), as well as Defendants' Opposition to, (ECF No. 219), and Plaintiffs' Reply in Support of, (ECF No. 222), Plaintiffs' Motion.  Also before the Court are Defendants' Motion *In Limine* / *Daubert* Motion to Exclude Plaintiffs' Expert From Offering Testimony Regarding Secondary Considerations of Non-Obviousness (Defendants' Motion), (ECF No. 210), as well as Plaintiffs' Opposition to, (ECF No. 218), and Defendants' Reply in Support of, (ECF No. 221), Defendants' Motion.  The Court held a hearing on these Motions on July 21, 2016.  As explained below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion and **DENIES** Defendants' Motion.

**PLAINTIFFS' MOTION**

The Plaintiffs ask the Court to preclude Defendants from introducing various prior art references and combinations thereof at trial. This District's Local Rules require invalidity contentions to include "an explanation of why the prior art renders the asserted claim obvious," Patent L.R. 3.3(b), which prevents unfair surprise at trial and allows patentees time to analyze the prior art as it pertains to particular claims and terms. Similarly, expert reports must disclose the substance of an expert's testimony for direct examination and the bases for those opinions. *See Jenkins v. Bartlett*, 487 F.3d 482, 487 (7th Cir. 2007) ("The purpose of the report is to 'set forth the substance of the direct examination.' . . . A party is barred from using at trial evidence that it failed to disclose 'without substantial justification' as required by Rule 26(a), unless that failure was harmless."); Fed. R. Civ. P. 26(a)(2)(B)(i) (expert reports must contain "a complete statement of all opinions the witness will express and the basis and reasons for them.").

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion and **ORDERS** as follows:

   1. <u>References Allowed if Disclosed as to Claim Element</u>: Where prior art was disclosed with respect to a particular claim element, whether in the Defendants' Amended Invalidity Contentions, expert report, rebuttal expert report, or expert deposition, Defendants are not precluded from relying on that reference as invalidating art with respect to that claim or claim element. However, Plaintiffs may renew their objections at trial and explain why, despite the disclosure of the reference in one of these mediums, they would be prejudiced and could not cure the prejudice through cross examination. To the extent that this ruling is more liberal than the Court's conclusion on summary judgment (with respect to the combination of *Levere* and *Mugge* as to claim 10 of the '459 Patent), the difference is attributable to the static evidentiary record on summary judgment, whereas here Plaintiffs will have the opportunity to explore testimony on cross examination. That is not to say that particularized disclosure was not required, however.

2. <u>References Precluded if Not Disclosed as to Claim Element:</u> Where prior art was not disclosed with respect to a particular claim or claim element in Defendants' Amended Invalidity Contentions, expert report, rebuttal expert report, or expert deposition, Defendants are precluded from relying on that reference as invalidating art for that claim element.

3. <u>Defendants' Expert is Precluded from Testifying About Motivations to Combine References That Were Not Disclosed or Supported by Disclosures in His Expert Report, Rebuttal Expert Report, or Deposition.</u>[1]  Plaintiffs devote much of their briefing to arguing Defendants' expert, Dr. Volek, should not be allowed to testify to reasons a person of ordinary skill in the art would be motivated to combine prior art references where those reasons were not provided in his expert report.  Although it is unclear whether Defendants actually intend to introduce any such testimony, the Court notes that Defendants' expert may not introduce bases for his opinion and may not testify about reasons or motivations to combine that were not disclosed in his expert report, rebuttal expert report, or deposition. *See Jenkins*, 487 F.3d at 487; Fed. R. Civ. P. 26(a)(2)(B)(i).  By way of example, Dr. Volek is not precluded from testifying that the disclosure in Weider's Arginine & Lysine product would motivate a person of ordinary skill to rely on other teachings—or providing greater detail and elaborating on this disclosed motivation to combine—because this opinion and the basis for it are outlined in his Expert Report.  Dr. Volek would be precluded, however, from testifying about some other publication that was not discussed in his report that suggests combining certain prior art references.

/ / /

---

[1] In light of the discussion at the hearing on this motion, the Court clarifies that this Order precludes introduction of individual prior art references as they pertain to particular claims and elements, and does not preclude combinations of art that were not otherwise disclosed.  That is, where Defendants have disclosed prior art and explained how it reads on certain claim elements, Plaintiffs are already on notice of how that art might be applied to those elements.  The issue likely to arise with respect to previously undisclosed *combinations* of art will be the motivation to combine those references.  Where Defendants' expert has not in his expert report, rebuttal expert report, or deposition explained the basis for why a skilled artisan would combine those references, he may not do so for the first time at trial.

**DEFENDANTS' MOTION**

Next, Defendants ask the Court to preclude Plaintiffs' expert, Dr. Boger, from testifying regarding the secondary considerations of nonobviousness.

"'[T]he *Daubert* gatekeeping obligation is less pressing in connection with a bench trial' where 'the 'gatekeeper' and the trier of fact [are] one and the same.'" *AngioScore, Inc. v. TriReme Med., Inc.*, 87 F. Supp. 3d 986, 1016 (N.D. Cal. 2015) (citing various cases). The gatekeeping function must still be performed, however. *See Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 760 (7th Cir. 2010); *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

Much of Dr. Boger's testimony with respect to the secondary considerations of nonobviousness would be based on his "knowledge and experience" in the industry, "rather than the methodology or theory behind" his testimony. *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000). In such cases, "[t]he *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable." *Id.*; *see also See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("Engineering testimony rests upon scientific foundations, the reliability of which will be at issue in some cases. . . . In other cases, the relevant reliability concerns may focus upon personal knowledge or experience.").

Although Dr. Boger's deposition testimony appeared not to be based on particular data or analysis thereof, his opinions are based on his personal experience in the arginine supplementation field and meet the minimum requirements for admissibility. The concerns with the reliability of Dr. Boger's testimony on this point are more appropriately considered with respect to the weight to which his testimony is entitled. Further, given that this is a bench trial, the danger of prejudice is lessened. If cross examination reveals a complete lack of factual basis for particular aspects of Dr. Boger's testimony, it may be stricken and disregarded, as opposed to merely given less weight. As a general matter, however, it is not precluded.

1     Accordingly, Defendants' Motion is **DENIED**.

2                                    **CONCLUSION**

3     For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART**

4 Plaintiffs' Motion and **DENIES** Defendants' Motion.

5     **IT IS SO ORDERED.**

6 Dated: July 22, 2016

7                                               Hon. Janis L. Sammartino

8                                               United States District Judge