UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC,<br><br>                        Plaintiff,<br><br>v.<br><br>MYOGENIX CORP. et al.,<br><br>                        Defendants.<br><br>AND ALL RELATED CASES. | Case No.: 13-cv-651 JLS (MDD) (LEAD CASE)<br><br>**ORDER: (1) DENYING THERMOLIFE'S REQUEST FOR A STAY OF JUDGMENT WITHOUT BOND; (2) GRANTING PLAINTIFFS A TEMPORARY STAY**<br><br>(ECF Nos. 328, 330) |

      Plaintiff ThermoLife has filed an Ex Parte Motion for Shortened Briefing Schedule and Stay of Judgment Pending Decision of Bond, ("MTN," ECF No. 328-2). ThermoLife makes various requests: (1) the Court issue a stay pending resolution of its Motion; (2) the Court set an immediate stay of the Judgment pending appeal, or, (3) "if the Court is not inclined to stay execution absent a bond," the Court should set the amount of a supersedeas bond. (*Id.* at 2–3.)

      The Court granted ThermoLife's request for expedited briefing and ordered responses from both Defendants and from Stanford. (ECF No. 329.) The Court also denied ThermoLife's request for a stay of judgment pending resolution of its Motion. (*Id.*)

ThermoLife then filed a "Supplemental Motion," also titled a "Renewed Motion" or a "Motion for Reconsideration," essentially asking the Court to reconsider its order and institute a stay of judgment. (ECF No. 330.) Defendants and Stanford have filed responses to ThermoLife's Motion. (*See* ECF Nos. 331, 333, 334.)

## LEGAL STANDARD

"Federal Rule of Civil Procedure 62(d) states that a judgment debtor is entitled as a matter of right to a stay of the execution of a money judgment pending appeal upon the posting of a supersedeas bond." *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990). Rule 62(d) states that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). Pursuant to this Rule, "[d]istrict courts have inherent discretionary authority in setting supersedeas bonds" *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), and "broad discretionary power to waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990) (en banc).

"When a party wishes a court to depart from the usual requirement of a full security supersedeas bond, the burden is on the moving party to show reasons for the departure from the normal practice." *Salameh v. Tarsadia Hotel*, No. 09cv2739-GPC (BLM), 2015 WL 13158486, at *2 (S.D. Cal. May 19, 2015) (internal citations omitted). A district court may either waive the bond requirement or allow the judgment debtor to use some alternative type of security. *Brooktree Corp.*, 757 F. Supp. at 1104. In determining whether to waive the posting of a bond, the Court considers what is known as the *Dillon* factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of

2

13-cv-651 JLS (MDD)
(LEAD CASE)

> a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988); *see Salameh*, 2015 WL 13158486, at *2 (citing *Dillon*); *see also Kranson v. Fed. Express Corp.*, No. 11-cv-5826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) ("Courts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement.").

## ANALYSIS

Both Defendants request the Court order both ThermoLife and Stanford to post a bond, either separately or jointly and severally. ("Vital Resp.," ECF No. 331; "Hi-Tech Resp.," ECF No. 333.) Stanford does not opine on the issue of ThermoLife's bond, but requests the Court not require Stanford to post a bond. ("Stanford Resp.," ECF No. 334.)

ThermoLife did not address the *Dillon* factors in its Motion. ThermoLife cites to cases where other courts have granted a stay without a bond "in light of defendant's clear ability to pay." (MTN 4 (citing cases).) ThermoLife dedicates most of its Motion to the argument that a stay is warranted. But, as mentioned above, ThermoLife has the ability to institute a stay on its own by posting a bond; the Court is not determining whether or not a stay should be instituted. The Court only determines whether a stay may be entered without a bond and/or the amount of a bond.

The Court finds ThermoLife has not met its burden of proving a stay should be entered without a bond. ThermoLife argues Stanford has a clear ability to post a bond, but, this has no bearing on ThermoLife's ability to post a bond. ThermoLife has not indicated it is unable to pay the bond; in contrast, it states "there is no danger that Stanford and ThermoLife are not collectable." (MTN 9.)

Accordingly, the Court **DENIES** ThermoLife's Motion for an order staying enforcement without posting a supersedeas bond since it has failed to meet its burden in showing an inability to obtain a bond, or that it is entitled to a waiver of a bond.

Stanford recognizes that it and ThermoLife are jointly and severally liable for the Judgment. (Stanford Resp. 2.) Stanford requests it not be required to post a bond because

its assets are much greater than the judgment in this case and a bond is not necessary to protect Defendants. (*Id.* at 5.) However, because ThermoLife and Stanford are jointly and severally liable, the Court determines the two must post a bond jointly and severally. For the Court to excuse Stanford from posting a bond would unjustly impose the burden on ThermoLife to post the entire bond.

"While Rule 62(d) is silent on the amount of such a bond, Ninth Circuit case law provides that a district court has discretion to determine the appropriate amount." *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, No. 2:11-CV-3838-ODW, 2013 WL 361109, at *1 (C.D. Cal. Jan. 30, 2013) (citing *Rachel*, 831 F.2d at 1505 n.1). "The predecessor to present [Federal Rule of Civil Procedure] 62(d), originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.'" *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012) (citing *Popular Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Id.* (internal citations omitted).

Accordingly, to stay execution of the judgment pending appeal, Plaintiffs must file a supersedeas bond equal to 125% of the judgment, i.e. **$1,637,527.36.**

## CONCLUSION

For the foregoing reasons, the Court **DENIES** ThermoLife's Motion (and Supplemental Motion) requesting a stay of enforcement of judgment through appeal without a bond, (ECF Nos. 328, 330). However, the Court **GRANTS** a temporary stay of <u>fourteen (14) days from the date this Order is electronically docketed</u> to allow Plaintiffs an opportunity to post a supersedeas bond. All attempts by Defendants to execute on the judgment shall be stayed. Once Plaintiffs obtain a bond, they are directed to submit to the Court the bond and a proposed order to stay enforcement of judgment while the appeal is

4

pending. The stay will take effect when the Court approves the posted bond. If a bond is not submitted within fourteen days, the temporary stay shall be automatically lifted.

**IT IS SO ORDERED.**

Dated: February 21, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge